UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JORDAN FILOTEI JONES,

    Plaintiff,

-vs-

U.S. DEPARTMENT OF EDUCATION,

    Defendant.

CASE NO.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, JORDAN FILOTEI JONES (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendant, U.S. DEPARTMENT OF EDUCATION (hereinafter "USDOE"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

**PRELIMINARY STATEMENT**

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

1

3. Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as Plaintiff is a natural person and resident of Pinellas County, Florida; USDOE transacts business within this District; and violations described in this Complaint occurred in this District.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. USDOE is a corporation headquartered at 400 Maryland Avenue, SW in Washington, DC 20202 that upon information and belief conducts business in the State of Florida.

11. USDOE is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

12. USDOE furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

13. Plaintiff is a natural person who is alleged to owe the debt of multiple USDOE accounts.

14. Upon information and belief, Plaintiff is a victim of identity theft.

15. In or about 2019, Plaintiff became aware of USDOE student loans in her name for Shorter University. Plaintiff did not take out these student loans and never attended Shorter University.

16. Shortly thereafter, Plaintiff contacted USDOE and disputed the erroneous accounts.

17. Further, Plaintiff filed a police report with the Rome Police Department regarding the erroneous accounts.

18. After taking those steps, Plaintiff believed the issue was resolved.

19. In or about September/October 2023, Plaintiff was monitoring her credit reports and observed the erroneous student loan accounts continued to appear in her credit file.

20. Shortly thereafter, Plaintiff again contacted USDOE who denied having received her previous dispute. Plaintiff again disputed the erroneous accounts with USDOE and continually provided the numerous documents requested.

21. Ultimately, USDOE denied Plaintiff's dispute and continued to report the erroneous USDOE student loans to Plaintiff's credit file.

22. In or about March 2024, Plaintiff contacted Equifax and Experian and disputed the following erroneous USDOE accounts which did not belong to her.

   i. USDOE, partial account number ending in x58;

   ii. USDOE, partial account number ending in x57;

   iii. USDOE, partial account number ending in x55;

   iv. USDOE, partial account number ending in x53; and

   v. USDOE, partial account number ending in x50.

23. Plaintiff did not receive dispute results from Equifax. However, upon review of her updated Equifax credit report, Plaintiff observed the aforementioned

USDOE accounts continued to be reported each with a comment which stated, "Consumer disputes this account information".

24. Upon information and belief, Equifax notified USDOE of Plaintiff's dispute. However, USDOE failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

25. Plaintiff did not receive dispute results from Experian. However, upon review of her updated Experian credit report, Plaintiff observed the aforementioned USDOE accounts continued to be reported each with a comment which stated, "Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act).".

26. Upon information and belief, Experian notified USDOE of Plaintiff's dispute. However, USDOE failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

27. In or about April 2024, due to the continued inaccurate reporting, Plaintiff again contacted Equifax and Experian and disputed the erroneous USDOE accounts which did not belong to her.

28. Plaintiff did not receive dispute results from Equifax. However, upon review of her updated Equifax credit report, Plaintiff observed the aforementioned

USDOE accounts continued to be reported each with a comment which stated, "Consumer disputes this account information".

29. Upon information and belief, Equifax notified USDOE of Plaintiff's dispute. However, USDOE failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

30. Plaintiff did not receive dispute results from Experian. However, upon review of her updated Experian credit report, Plaintiff observed the aforementioned USDOE accounts continued to be reported each with a comment which stated, "Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act).".

31. Upon information and belief, Experian notified USDOE of Plaintiff's dispute. However, USDOE failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

32. In or about May 2024, Plaintiff contacted Equifax and Experian for a third time and disputed the erroneous USDOE accounts which did not belong to her.

33. Plaintiff did not receive dispute results from Equifax. However, upon review of her updated Equifax credit report, Plaintiff observed the aforementioned

USDOE accounts continued to be reported each with a comment which stated, "Consumer disputes this account information".

34. Upon information and belief, Equifax notified USDOE of Plaintiff's dispute. However, USDOE failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

35. Plaintiff did not receive dispute results from Experian. However, upon review of her updated Experian credit report, Plaintiff observed the aforementioned USDOE accounts continued to be reported each with a comment which stated, "Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act).".

36. Upon information and belief, Experian notified USDOE of Plaintiff's dispute. However, USDOE failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

37. On or about June 4, 2024, Plaintiff obtained copies of her credit reports from the CRAs. Upon review, Plaintiff observed the following USDOE accounts continued to appear in her credit file.

    i. USDOE, partial account number ending in x58, with a status of open and balance of $4,969;

    ii.    USDOE, partial account number ending in x57, with a status of open and balance of $4,905;

    iii.    USDOE, partial account number ending in x55, with a status of open and balance of $2,452;

    iv.    USDOE, partial account number ending in x53, with a status of open and balance of $6,002; and

    v.    USDOE, partial account number ending in x50, with a status of open and balance of $2,314.

38. On or about June 17, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 173958225. In this report, she explained that she was a victim of identity theft and that the aforementioned erroneous USDOE accounts had been opened under her name and were listed in her credit report.

39. Due to the inaccurate reporting, on or about June 19, 2024, Plaintiff submitted online a detailed dispute letter to the CRAs. In the letter, Plaintiff requested a copy of her credit report. Further, Plaintiff advised she was a victim of identity theft and that the aforementioned USDOE accounts did not belong to her. To confirm her identity, Plaintiff included images of her driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting, images of her filed FTC Identity Theft Report, images of her request for

a copy of her police report from the Rome Police Department, and other supporting documents.

40. On or about June 22, 2024, Plaintiff received a response from Trans Union which stated her fraud block request was denied.

41. Despite confirmation of delivery, Plaintiff did not receive dispute results from Trans Union. However, upon review of her updated Trans Union credit report, Plaintiff observed all the erroneous USDOE accounts continued to be reported. Further, three (3) of the erroneous USDOE accounts were reported with a comment which stated the account was disputed and verified as accurate.

42. Upon information and belief, Trans Union notified USDOE of Plaintiff's dispute. However, USDOE failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

43. On or about June 27, 2024, Plaintiff received dispute results from Equifax which stated each of the disputed USDOE accounts was verified as accurate.

44. Upon information and belief, Equifax notified USDOE of Plaintiff's dispute. However, USDOE failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

45. On or about July 11, 2024, Plaintiff received dispute results from Experian which stated each of the disputed USDOE accounts was verified and updated. Experian also provided a copy of Plaintiff's credit report, and upon review, Plaintiff observed the USDOE accounts continued to be reported with increased balances.

46. Upon information and belief, Experian notified USDOE of Plaintiff's dispute. However, USDOE failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

47. Despite Plaintiff's best efforts to have the erroneous reporting corrected, the CRAs continue to inaccurately report the fraudulent and erroneous accounts in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

48. Plaintiff continues to suffer as of the filing of this Complaint with USDOE's reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

49. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i. Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii. Loss of time attempting to cure the errors;

    iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by USDOE's actions; and

    iv. Apprehensiveness to apply for new credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681 s-2(b) as to Defendant, U.S. Department of Education (Negligent)

50. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-nine (49) above as if fully stated herein.

51. USDOE furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

52. After receiving Plaintiff's disputes, USDOE violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and

lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

53. Plaintiff provided all the relevant information and documents necessary for USDOE to have identified that the accounts were erroneous.

54. USDOE did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to USDOE by Plaintiff in connection with her disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

55. USDOE violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

56. As a direct result of this conduct, action, and/or inaction of USDOE, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

57. The conduct, action, and inaction of USDOE was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

58. Plaintiff is entitled to recover costs and attorney's fees from USDOE in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JORDAN FILOTEI JONES, respectfully requests that this Court award actual damages against Defendant, U.S. DEPARTMENT OF EDUCATION; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, U.S. Department of Education (Willful)

59. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-nine (49) above as if fully stated herein.

60. USDOE furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

13

61. After receiving Plaintiff's disputes, USDOE violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

62. Plaintiff provided all the relevant information and documents necessary for USDOE to have identified that the accounts were erroneous.

63. USDOE did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to USDOE by Plaintiff in connection with her disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

64. USDOE violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

65. As a direct result of this conduct, action, and/or inaction of USDOE, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

66. The conduct, action, and inaction of USDOE was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

67. Plaintiff is entitled to recover costs and attorney's fees from USDOE in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JORDAN FILOTEI JONES, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, U.S. DEPARTMENT OF EDUCATION; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JORDAN FILOTEI JONES, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, U.S. DEPARTMENT OF EDUCATION, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 29th day of September 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
*Attorneys for Plaintiff*